527.23123-34/12

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, | )<br>)<br>) Case No. 08-cv-002655 |
| Plaintiff, | ) Judge James F. Holderman |
| vs. | ) Magistrate Judge Nan R. Nolan |
| JANSMA CONSTRUCTION COMPANY, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR LEAVE TO FILE ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, INSTANTER

NOW COMES Jansma Construction Company, by its attorneys, Tribler Orpett & Meyer, P.C., and moves this court for leave to file its Motion to Dismiss Plaintiff's Complaint, instanter. In support of its motion, Defendant states as follows:

1. On May 8, 2008, Plaintiff filed a three-count complaint against the Defendant. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".)

2. Defendant was required to answer or otherwise plead by June 5, 2008.

3. Due to a clerical error, Defendant's counsel did not receive notice of Plaintiff's Complaint until June 18, 2008, at which time it filed its appearance in this case. (See copy of Defendant's counsel's appearance, attached hereto as Exhibit "B".)

WHEREFORE, Defendant, Jansma Construction Company, for the reasons set forth above, respectfully requests this Court grant it leave to file its motion to dismiss Plaintiff's Complaint, instanter.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

By: s/ Harlene G. Matyas
_____
One of the attorneys for Defendant

Harlene G. Matyas – ARDC# 1796879
Brian M. Morris – ARDC# 6252424
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
(312) 201-6401 (fax)

# **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the Defendant's Motion for Leave to File its Motion to Dismiss Plaintiff's Complaint was served upon:

Jeffrey Charles Calabrese<br>
Cozen O'Conner<br>
222 S. Riverside Plaza, Suite 1500<br>
Chicago, IL 60606<br>
jcalabrese@cozen.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 3rd of July, 2008, with proper postage prepaid.

s/ Harlene G. Matyas<br>
_____<br>
an Attorney

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, <br><br> Plaintiff, <br><br> v. <br><br> JANSMA CONSTRUCTION COMPANY, <br><br> Defendant. | FILED: MAY 08, 2008 <br> 08CV2655  LCW <br> JUDGE HOLDERMAN <br> MAGISTRATE JUDGE NOLAN <br><br><br> CIVIL ACTION NO.: <br><br> JURY DEMANDED |

## COMPLAINT FOR DAMAGES

NOW COMES Plaintiff, FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, by its undersigned attorneys, and for its complaint against Defendant, JANSMA CONSTRUCTION COMPANY, and alleges as follows:

## PARTIES

1.  At all times material to this action, Plaintiff, FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER (hereinafter "First National"), was and remains a corporation duly organized and existing under the laws of the State of Washington, with its principal place of business located at Seattle, Washington, which was in the insurance business, and was duly licensed to issue policies of insurance in the State of Illinois.

2. Plaintiff's subrogor, AUNT MARTHA'S YOUTH SERVICE CENTER (hereinafter, "Aunt Martha's"), was an ongoing business concern that owned and was renovating prior to occupancy the facility located at 5 Centre Street, Park Forest, Illinois 60466 (hereinafter, "Subject Premises").

3. Prior to May 9, 2003, First National issued its policy of insurance No. CP0777044 to Aunt Martha's, which insurance policy provided property, among other, coverage to Aunt Martha's. At all times material to this action, said policy was in full force and effect.

4. At all times material to this action, Defendant, JANSMA CONSTRUCTION COMPANY (hereinafter "Jansma"), was an Illinois company, with its principal place of business in Crete, Illinois, and was engaged, *inter alia*, in the business of construction and/or general contracting, among other things.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to the claims at issue occurred within this District and defendants are subject to personal jurisdiction within this District.

## COMMON ALLEGATIONS

7. The Subject Premises, an approximately 33,000 square-foot, wood-frame structure with a full basement was built in 1945.

8. The Subject Premises was donated to Aunt Martha's by Roger's Enterprises d/b/a Rogers & Holland Jewelers in February 2003.

9. Upon information and belief, Rogers Enterprises last occupied the Subject Premises in March 2000.

10. Upon assuming ownership, Aunt Martha's formed agreements with various contractors to renovate the Subject Premises (hereinafter, "Renovation Project") including an agreement with Jansma which was to perform, general contracting, demolition, debris removal, clean up and carpentry, among other work (hereinafter, "Agreement").

11. On May 9, 2003, during the course of the Renovation Project, the Subject Premises sustained a severe flooding loss when an electrical failure precluded a pump from removing water from the Subject Premises promoting mold growth within the Subject Premises (hereinafter, "Occurrence").

12. On or after May 9, 2003, Jansma and the insured modified the Agreement, or formed a separate agreement, pursuant to which Jansma, for a set cost, was to remove mold-laden materials discovered during, among other occasions, Jansma's work to demolish and relocated basement walls within the Subject Premises (hereinafter, "Mold Agreement").

13. On or after May 9, 2003, Jansma continued its demolition work on the Renovation Project pursuant to the Agreement and the Mold Agreement during which it continued to see mold and/or other fungal growth on the materials it was removing from the basement.

14. Despite such observations on or after May 9, 2003, Jansma continued to remove the mold-laden materials without taking proper precautionary measures to preclude the spread of mold to other parts of the Subject Premises, and without taking proper remedial measures to stem

3

and/or eliminate existing mold growth on building materials that were to be re-used during the Renovation Project.

15. On and after May 9, 2003, the Subject Premises sustained severe mold and other damage directly resulting from Jansma's conduct in paragraph 14.

16. Aunt Martha's fulfilled all obligations and conditions of the Agreement and the Mold Agreement with Jansma.

17. As a direct result of the aforementioned events, Aunt Martha's suffered property damage in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

18. Pursuant to the terms and conditions of its policy of insurance with Aunt Martha's, First National made payment to Aunt Martha's for the aforementioned damages, pursuant to which First National became subrogated to the rights of Aunt Martha's.

## COUNT I
## NEGLIGENCE

19. First National realleges Paragraphs 1-18 above, as and for this Paragraph 19 as though fully set forth herein.

20. At all times material to this action, Jansma and its employees, representatives, agents and/or subcontractors, were under a duty to exercise reasonable care and caution consistent with other general contractors and construction contractors in good standing in the trade when performing the work alleged in Paragraphs 10 through 14, above.

21. Notwithstanding said duties, Jansma and/or its employees, representatives, agents and/or subcontractors, breached its duties in one or more of the following ways:

    a. Failed to remove mold-laden materials from the Subject Premises in containers that precluded mold spread within the Subject Premises;

b.  Failed to adequately dry, clean and treat wall cavities within the Subject Premises to eliminate mold and preclude future mold growth prior to re-closing the same;

c.  Failed to inspect wall cavities within the Subject Premises for mold prior to re-closing the same to ensure that they were dry and mold-free;

d.  Failed to test wall cavities within the Subject Premises for mold prior to re-closing the same to ensure that they were dry and mold-free;

e.  Failed to perform its Renovation Project work in a professional and workmanlike manner;

f.  Failed to comply with applicable codes, regulations, guidelines, policies, procedures, specifications, industry customs and/or practices during the Renovation Project;

g.  Failed to hire, supervise, train, and/or control its agents, representatives, employees and subcontractors in performing mold remediation work pursuant to the Agreement and/or Mold Agreement;

h.  Failed to consult with industrial hygienists or other health professionals, once mold was observed within the Subject Premises, to determine whether and under what condition it could continue the Renovation Project;

i.  Failed to identify and eliminate the source of water intrusion within the Subject Premises to eliminate further mold growth during the Renovation Project;

j.  Failed to develop a plan to remediate the mold within the Subject Premises, once mold was observed and once it had formed the Mold Agreement, and prior to continuing the Renovation Project;

k.  Failed to discard moldy items within the subject Premises that could not be properly dried, cleaned and treated;

l. Failed to erect mold containments within the Subject Premises to preclude mold spread within the Subject Premises;

m. Failed to employ a proper ventilation configuration within the Subject Premises to preclude mold spread within the Subject Premises;

n. Installed new drywall over mold-laden, untreated and/or inadequately dried and cleaned building materials within the Subject Premises; and

o. Was otherwise careless and negligent in performing its work.

22. As a direct and proximate result of one or more of the aforesaid acts or omissions by Jansma, Aunt Martha's suffered property damage, and for which damage, First National paid Aunt Martha's in excess of $75,000.00.

WHEREFORE, Plaintiffs FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, respectfully pray that this Honorable Court enter judgment in their favor and against Defendant, JANSMA CONSTRUCTION COMPANY, in an amount to be determined at trial but no less than $75,000.00, together with interest and the costs of this action, and for such other relief as may be ordered by the Court.

## COUNT II
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

23. First National realleges Paragraphs 1-22 above, as and for this Paragraph 23 as though fully set forth herein.

24. At all times material to this action, upon information and belief, Jansma, expressly warranted that its work would be performed in a reasonable and workmanlike manner,

25. At all times material to this action, all work performed by Jansma, by and through its agents, employees, representatives and/or subcontractors, included an implied warranty that the work would be performed in a reasonable, workmanlike manner and in accordance with industry standards, and that all reasonable and customary precautions to protect the Premises against damage would be taken.

26. Notwithstanding the aforesaid express and implied warranties, Jansma, by and through its agents, employees, representatives and/or subcontractors, breached its express and/or implied warranties by performing one or more of acts and/or omissions set forth in Paragraph 21 above.

27. Aunt Martha's provide timely and adequate notice of such breaches of warranty to Jansma.

28. As a direct and proximate result of one or more of the aforesaid breaches of warranty by Jansma, Aunt Martha's suffered property damage, and for which damage, First National paid Aunt Martha's in excess of $75,000.00.

WHEREFORE, Plaintiffs FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, respectfully pray that this Honorable Court enter judgment in their favor and against Defendant, JANSMA CONSTRUCTION COMPANY, in an amount to be determined at trial but no less than $75,000.00, together with interest and the costs of this action, and for such other relief as may be ordered by the Court.

## COUNT III
## BREACH OF CONTRACT

29. First National realleges Paragraphs 1-28 above, as and for this Paragraph 29 as though fully set forth herein.

30. At all times material to this action, pursuant to the Agreement and/or the Mold Agreement, Jansma was obligated to perform its work in a workmanlike manner and according to applicable codes and industry standards.

31. Notwithstanding its contractual duties, Jansma, by and through its agents, employees, representatives and/or subcontractors, breached its contractual duties by performing one or more of acts and/or omissions set forth in Paragraph 21 above and thereby failed to perform its work in a workmanlike manner and violated various codes and industry standards.

32. As a direct and proximate result of one or more of the contractual breaches by Jansma, Aunt Martha's suffered property damage, and for which damage, First National paid Aunt Martha's in excess of $75,000.00.

WHEREFORE, Plaintiffs FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, respectfully pray that this Honorable Court enter judgment in their favor and against Defendant, JANSMA CONSTRUCTION COMPANY, in an amount to be determined at trial but no less than $75,000.00, together with interest and the costs of this action, and for such other relief as may be ordered by the Court.

FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER,

By: /s/ Jeffrey C. Calabrese
One of Its Attorneys

Jeffrey C. Calabrese
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, IL 60606
Tel: (312) 382-3100
Fax: (312) 382-8910

CHICAGO\613791\1 142886.000

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

FIRST NATIONAL INSURANCE COMPANY OF AMERICA
as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER
                Plaintiff,

v.

JANSMA CONSTRUCTION COMPANY,
                Defendant.

Case Number: 08-cv-2655

Judge Holderman

Magistrate Judge Nolan

APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

### JANSMA CONSTRUCTION COMPANY

| (A) | (B) |
|---|---|
| SIGNATURE  s/ Harlene G. Matyas | SIGNATURE |
| NAME  Harlene G. Matyas | NAME |
| FIRM  Tribler Orpett & Meyer, P.C. | FIRM |
| STREET ADDRESS  225 W. Washington Street, Suite 1300 | STREET ADDRESS |
| CITY/STATE/ZIP  Chicago, Illinois 60606 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-201-6400  FAX NUMBER 312-201-6401 | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS  hgmatyas@tribler.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  1796879 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☒  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☒  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |