527.23123-34/09

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA as subrogee of AUNT MARTHA'S YOUTH SERVICE CENTER, | ) ) ) ) | Case No. 08-cv-002655 |
| Plaintiff, | ) ) | Judge James F. Holderman |
| vs. | ) ) | Magistrate Judge Nan R. Nolan |
| JANSMA CONSTRUCTION COMPANY, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, Jansma Construction Company ("Defendant") by its attorneys, Tribler Orpett & Meyer, P.C., states the following as its reply to plaintiff's memorandum in opposition to defendant's motion to dismiss:

### ARGUMENT

**A.    PLAINTIFF'S PLEADINGS ARE INSUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION AND THE COMPLAINT SHOULD BE DISMISSED.**

Plaintiff asserts this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  In its response, plaintiff relies on the holding in *United States v. Aetna*, and argues that its complaint is sufficient to establish the plaintiff's subrogation rights and diversity jurisdiction.  "In cases of partial subrogation, the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action." *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 382 (1949).  However, it has been held by this court that in subrogation suits, the "pleadings

should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any other in the claim." *Id*. at 382.

This court has handled a similar scenario involving subrogation and diversity jurisdiction in *U.S. Fire Ins. Co. v. HC-Rockrimmon, L.L.C.*, 190 F.R.D. 575, (D.Colo.,1999). In *U.S. Fire*, the liability insurer, U.S. Fire, sued an apartment complex owner to recover payments made to the insured general contractor for building repairs. (*Id*. at 576). The owner moved for joinder of the non-diverse insured as an involuntary plaintiff alleging the insured could recoup additional damages for devaluation of the property. (*Id*. at 576). The court held there was a risk of inconsistent verdicts and because the defendant could be prejudiced as the insured could bring a separate suit, essentially getting a second bite of the apple to perfect the alleged mistakes made by U.S. Fire in the first case. (*Id*. at 577). The Court determined that the insured was a necessary and indispensable party pursuant to Fed.R.Civ.P. 19(a) and (b), and dismissed the case since there would be no diversity jurisdiction. (*Id*. at 578).

This court also determined whether an insured can be considered a real party in interest in the case of *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111 (C.A. 2 N.Y., 2002). In Ocean Ships, the court held that the insured Ocean Ships' payment of its $5000 deductible created a sufficient independent interest to qualify that party as a real party in interest under Fed.R.Civ.P. 17(a). (*Id*. at 117). That court further justified its holding by ruling that:

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss both the insured and insurer ... have substantive rights against the tortfeasor which qualify them as real parties in interest. (*Id.* at 116 and 117)

2

Both rulings, *U.S. Fire* and *Ocean Ships*, apply here. Plaintiff alleges that it sufficiently demonstrates it is the real party in interest through partial subrogation based upon its pleadings. (Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss, Pg. 5) Plaintiff states that its "complaint in paragraphs 3, 14, 15, 17, and 18, show the derivation of plaintiff's subrogation rights". (*See* Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss, Pg. 5) This defendant, without reiterating arguments already made in defendant's memorandum, disagrees that plaintiff has established it is the real party in interest, since plaintiff's complaint contains no allegations that a complete subrogation occurred. In fact, plaintiff's pleading is silent on this critical issue. The plaintiff argues that the existence of an alleged partial subrogation is sufficient to deem that plaintiff is the real party in interest. This assertion is contradicted by case law.

Conspicuously, in its argument regarding the existence of partial subrogation, plaintiff fails to acknowledge the deficiencies of its complaint. In *United States v. Aetna*, this court uncontrovertibly ruled that a complaint must "reveal and assert the actual interest of the plaintiff, and to indicate the interests of any other in the claim" to be considered a sufficient pleading in a subrogation suit. *United States v. Aetna* at 382. Plaintiff's complaint fails to assert the interest of additional parties to this claim, most notably, its subrogor, Aunt Martha's. Thus, this court should rule, consistent with the holding in *United States v. Aetna*, the plaintiff's pleadings are insufficient to establish that it is the real party in interest under a partial subrogation theory.

Relying upon this courts holding in *United States v. Aetna*, plaintiff creates an additional issue for this court to consider regarding the joinder of additional parties in interest. Plaintiff asserts that this defendant has not attempted a Fed. R. Civ. P. 19 motion claiming plaintiff's subrogor should be joined, or that the subrogor is an indispensable party. (*See* Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss, Pgs. 5 - 6) However, the insufficiency of plaintiff's pleading prevents this defendant from filing a motion for joinder of the subrogor or any additional party with a Fed. R. Civ. P. 19 motion. If defendant is able to show that Aunt Martha's is an indispensible party, diversity jurisdiction would be unavailable since the subrogor, Aunt Martha's, as well as defendant, are Illinois corporations. This defendant is prejudiced from bringing a proper joinder claim due to plaintiff's insufficient pleadings regarding parties in interest. The extent of Aunt Martha's interest in this claim is within the sole and exclusive knowledge of plaintiff, and access to that information is not available to this defendant at this pleading stage.

This defendant does not waive its initial argument that diversity jurisdiction is improper since plaintiff made no such allegation that it was entitled to stand in the shoes of its insured due to a complete subrogation. (*See* Defendant's Memorandum in Support of Defendant's Motion to Dismiss, Pgs. 3 - 4) If this court agrees with plaintiff's argument that it is the real party in interest under partial subrogation, the court must also find that the plaintiff's complaint is insufficient in its allegations and the plaintiffs complaint should be dismissed.

4

## B. THE PUBLIC SAFETY AND PERSONAL INJURY EXCEPTIONS TO THE MOORMAN DOCTRINE DO NOT APPLY TO PLAINTIFF'S ALLEGATIONS AND THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Plaintiff contends that it has alleged facts sufficient to properly support its negligence claim and that the public safety exception to the *Moorman* doctrine should apply. (*See* Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss, pages 6-8) Furthermore, plaintiff argues the allegations contained in its complaint are sufficient because of the reasonable inference which can be drawn from the allegations which demonstrate that plaintiff's subrogor has been exposed to an "unreasonable risk of injury to its person (i.e. guests of this public youth service center) and its property". (Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss, page 8)

The Illinois court examined similar issues regarding personal injury and public safety exceptions of the *Moorman* doctrine in *Washington Courte Condominium Association-Four v. Washington-Golf Corp.* and *American Drug Stores, Inc. v. AT & T Technologies, Inc*. In *Washington Courte,* the condominium association and certain unit owners sued in tort the general contractor and several subcontractors involved in the construction of their building, alleging, among other things, improper installation of windows and sliding glass doors which led to damage to insulation, walls, ceilings and floors. *Washington Courte Condominium Association-Four v. Washington-Golf Corp.*, 150 Ill.App.3d 681, 684, 501 N.E.2d 1290 (1986). One plaintiff alleged that she incurred medical expenses for treatment of an allergic reaction suffered by her son from exposure to mold growing on her carpet as a result of water entering around the faulty doors and windows. *Id.* at 687. That court held:

"It is fundamental tort law that the plaintiff in an action for negligence must have suffered a legally compensable injury. [Citation.] In the present case, the minor son was never made a party to this action. Thus, any injuries he may or may not have incurred are irrelevant to the issue before this court." *Washington Courte,* 150 Ill.App.3d at 687, 501 N.E.2d 1290.

In the case of *American v. AT&T*, the plaintiffs were telephone customers who brought an action against a telephone equipment manufacturer alleging damages for lost phone service and personal injury as a result of a calamitous fire. *American Drug Stores, Inc. v. AT & T Technologies, Inc.*, 222 Ill.App.3d 153, 154, 583 N.E.2d 694 (2nd Dist., 1991) Plaintiff's suit in tort was dismissed by the trial court on the grounds that the *Moorman* doctrine precluded this action. *Id*. Plaintiffs appealed and argued that filing suit under a tort theory was proper since both personal injury and property damage stemmed from a sudden dangerous occurrence. *Id.* The court held that a cause of action must be based on the injury suffered by the plaintiff, not on alleged injuries suffered by non-litigants. *Id.* at 154 - 155.

In this case, plaintiff seeks to validate its pleadings on the grounds that <u>guests</u> of Aunt Martha's public youth service center *might* be exposed to personal injury as a result of the mold on the property. Plaintiff argues that one could reasonably infer from the negligence allegations in its pleadings that Aunt Martha's suffered personal injury as a result of the mold. This defendant contends that no such inference can be made. There is no allegation of personal injury or public safety concern to the only named plaintiff. Plaintiff fails to indicate any party actually affected by any alleged personal injury as a result of mold contamination. This vague assertion lacks any factual or legal basis, and clearly fails to overcome the implications of the *Moorman* doctrine.

As such, this court should find plaintiff's reference to the personal injury and safety exception to the *Moorman* doctrine does not apply. Therefore, the negligence count of Plaintiffs complaint should be dismissed based upon the bar of the *Moorman* doctrine.

### C.  PLAINTIFF FAILED TO ADEQUATELY PLEAD A BREACH OF CONTRACT CLAIM AND COUNT III OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.

Plaintiff's complaint fails to sufficiently allege a breach of contract claim against Defendant. In order to satisfy the pleading standards of Fed. R. Civ. P. 8(a), "a contract claim must identify [1] the relevant agreement, [2] the basic contents of that agreement, and [3] the pertinent parties." *Hoopla Sports and Entertainment, Inc.* v. *Nike, Inc.,* 947 F. Supp. 347, 356 (N.D. Ill. 1996). Here, plaintiff has not identified the relevant agreements or the basic contents of the purported agreements. They have not attached, established the existence of, or even cited to any agreement or contract between plaintiff and defendant. Instead, plaintiff makes only conclusory allegations of unidentified "agreements". (*See* Plaintiff's Complaint, Para. 10)

In addition, plaintiffs provide no explanation of the contents or provisions of these purported agreements, except for a general allegation that defendant was to complete its work in a workmanlike manner. (*See* Plaintiff's Complaint, Para. 25 and 30) This allegation does not meet the federal pleading standards, as clarified by the court in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007). Indeed, to meet this standard:

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2

> L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14.

*EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007).

Plaintiff's failure to identify the relevant contracts or their supposed terms does not give defendant "fair notice" of the claims against them. And, as pled, the plaintiff's complaint does not suggest that defendant has a possibility of relief that is above a "speculative level." As such, plaintiff's conclusory allegations do not meet the pleading standard set forth by the Supreme Court in *Twombly*. For these reasons, the breach of contract claims in Counts II and III should be dismissed.

**D. PLAINTIFF CANNOT IMPLY A CONTRACT WHERE ONE EXISTS, THEREFORE THE IMPLIED BREACH OF CONTRACT CLAIM OF COUNT II OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.**

In the event this court finds a contract existed between plaintiff and defendant, an assertion this defendant denies, this court should find that an implied contract cannot exist where a contract already exists. Implied contracts are obligations imposed on the parties by the law based on the acts and conduct of the parties. *City of Marshall v. City of Casey*, 177 Ill.App.3d 1065, 532 N.E.2d 1121, 1123 (4th Dist. 1989). An implied contract is only created by law where no agreement exists between the parties. *Id*. at 1124. In *Walker v. Brown*, 28 III. 378, 383(1862), the Illinois Supreme Court explained the reason for this rule:

> As in physics, two solid bodies cannot occupy the same space at the same time, so in law and common sense, there cannot be an express and an implied contract for the same thing, existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree, that the law interposes and raises a promise.

In the present case, plaintiff pleads a breach of contract for an alleged express subcontract agreement that existed with the defendant. Plaintiff alleges an express and implied agreement with defendant for certain contracting services, demolition, debris removal, clean up and carpentry. (*See* Plaintiff's Complaint, Paragraphs 25 and 30) Illinois law is clear that a party cannot impose an implied agreement where an express agreement already exists. An express and implied agreement regarding the same performance agreement cannot coexist. As such, this court should dismiss Count II of plaintiff's complaint.

## **CONCLUSION**

Based on forgoing, defendant Jansma Construction Company respectfully request this court dismiss with prejudice plaintiff's cause of action.

          Respectfully submitted,

          TRIBLER ORPETT & MEYER, P.C.

            s/ Harlene G. Matyas
By: _____
          One of the attorneys for Defendant

Harlene G. Matyas – ARDC# 1796879
Bibek Das – ARDC# 6281251
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
(312) 201-6401 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss was served upon:

Jeffrey Charles Calabrese
Cozen O'Conner
222 S. Riverside Plaza, Suite 1500
Chicago, IL 60606
jcalabrese@cozen.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 29th day of August, 2008, with proper postage prepaid.

s/ Harlene G. Matyas
_____
an Attorney